UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ANTWYN GIBBS,**

    Plaintiff,

v.                          Civil Action No. 2:20-cv-00115

**FAYETTE COUNTY COURTHOUSE and
JUDGE PAUL M. BLAKE**

    Defendants.

## MEMORANDUM OPINION AND ORDER

This action was previously referred to United States Magistrate Judge Omar J. Aboulhosn for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On May 29, 2020, the magistrate judge entered a PF&R recommending that the court dismiss plaintiff Antwyn Gibbs' complaint and remove it from the docket. Plaintiff filed an objection to the PF&R on June 12, 2020 and a separate objection on June 16, 2020. <u>See</u> ECF Nos. 12 and 13. Defendants have neither objected nor responded to plaintiff's objections.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

The PF&R recommended that plaintiff's claim under 42 U.S.C. § 1983 should be dismissed because (a) the Fayette County Courthouse is not a "person" as required by Section 1983, (b) Judge Blake is absolutely immune from suit for his judicial acts, and (c) plaintiff fails to state a Section 1983 claim pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) because he has not demonstrated that his criminal conviction or sentence has been invalidated.

Plaintiff's first objection invokes his "Due Process Right" to be heard on appeal by the West Virginia Supreme Court of Appeals.  ECF No. 12.  He asks that the court "either hold this civil action to a later" date until the Supreme Court of Appeals hears his case "or dismiss it without prejudice" to let him refile later.  ECF No. 12.  Plaintiff's second objection also asks that the court wait to act until he can raise his claims before Supreme Court of Appeals.  ECF No. 13.  Neither of these objections address the magistrate judge's conclusion that the Fayette County Courthouse and Judge Blake are both immune from suit.  Without addressing the substance of the magistrate

judge's decision, plaintiff does not offer grounds to overrule the PF&R.

Accordingly, it is ORDERED that:

1. Plaintiff's objections to the PF&R be, and they hereby are, overruled.

2. The findings made in the PF&R of the magistrate judge be, and they hereby are, adopted by the court and incorporated herein.

3. Plaintiff's complaint be, and it hereby is, dismissed.

4. This action is stricken from the court's docket.

The Clerk is directed to forward copies of this written opinion and order to plaintiff, all counsel of record, and the United States Magistrate Judge.

ENTER: July 22, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge